UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ADAM A. TAWFEEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 1:24-cv-81 |
| ) | |
| THE LINCOLN NATIONAL LIFE ) | |
| INSURANCE COMPANY and ) | |
| COMPANY and SONY CORPORATION ) | |
| OF AMERICA GROUP LONG TERM ) | |
| DISABILITY PLAN, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, the Plaintiff, Adam A. Tawfeek (the "Plaintiff" or "Mr. Tawfeek"), by and through the undersigned counsel, Nicholas T. Lavella, to file this Complaint against the Defendants, The Lincoln National Life Insurance Company and Sony Corporation of America Group Long Term Disability Plan, and as cause therefore states as follows:

### I. JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. §1132.

2. Adam Tawfeek is a resident of Plainfield, Indiana, and a citizen of the State of Indiana.

3. The Lincoln National Life Insurance Company ("Lincoln") is an insurance corporation with its headquarters and principal place of business located in Pennsylvania. Lincoln is incorporated in Indiana. Lincoln is doing business in Indiana.

4. Lincoln issued a group disability insurance policy (the "Policy") to Sony Corporation of America ("Sony"). Sony is the Plan Administrator. In the Policy, Defendants promise to pay disability benefits to employees of Sony if they are unable to work due to sickness or injury.

5. As an employee of Sony, Mr. Tawfeek is insured by the Policy.

6. The Policy is delivered in the Southern District of Indiana.

7. Venue in the Southern District of Indiana is appropriate by virtue of the Policy being delivered in this District and the group long term disability plan being administered in this District.

## II. FACTUAL ALLEGATIONS

8. Mr. Tawfeek was an employee of Sony since 2012, and served as Retail Sales Supervisor until 2019.

9. On March 21, 2019, Mr. Tawfeek was forced to stop working due to degenerative disc disease of the cervical spine (radiculopathy, disc displacement) with history of multiple surgeries of the cervical spine in 2018, degenerative disc disease of the lumbar spine and thoracic spine, and left arm radiculopathy.

10. When Mr. Tawfeek became disabled, he applied for short-term disability benefits provided to employees of Sony and insured by Lincoln. His claim for short-term disability benefits was approved for the maximum duration.

11. Mr. Tawfeek then applied for long-term disability ("LTD") benefits. Despite initially denying his claim for LTD benefit, Lincoln later approved his LTD benefits after an appeal process, and paid LTD benefits starting on September 19, 2019.

12. Lincoln continued to pay Mr. Tawfeek's LTD benefits until September 4, 2020 when Lincoln claimed that Mr. Tawfeek no longer met the following definition of "Disability":

> *"Disability" or "Disabled" means:*
> *Applicable to Class 2:*
> *a. i. if the Covered Person is eligible for the 60 Month Own Occupation benefit, "Disability" or "Disabled" means that during the Elimination Period and the next 60 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*
> *ii. Thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*
> *"Own Occupation" means the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For the purposes of determining Disability under this policy, Liberty will consider the Covered Person's occupation as it is performed in the national economy.*

13. On February 4, 2021, Mr. Tawfeek appealed Lincoln's denial of LTD benefits with additional medical evidence and statements from treating physicians, and Lincoln overturned its previous termination and reinstated payment of his LTD benefits.

14. Lincoln continued to find that Mr. Tawfeek was disabled and approved ongoing payment of LTD benefits after various reviews of updated medical evidence.

15. During the course of his disability claim, Mr. Tawfeek has also been diagnosed with additional conditions that impair his ability to work, including: lumbar spine herniation L2-3 with compression of thecal sac and nerve roots, mild thoracic spondylosis, inflammatory polyarthritis with positive HLA B-27 lab results, right shoulder tear, impingement of right hip, hyperlipidemia, and various symptoms of autoimmune disease (hand arthritis, skin rash, diarrhea, right eye pain with decreased vision).

16. On September 30, 2022, Lincoln issued a letter stating that LTD benefits are not payable beyond October 4, 2022 as Mr. Tawfeek no longer meets the Policy's definition of "Disability."

17. In its September 30, 2022 denial letter, Lincoln again cited to the same definition of "Disabled" as noted in its prior denial letter, though this definition contained a "24 Month Own Occupation" period. In its denial letter, Lincoln cited to five other occupations that Lincoln claims Mr. Tawfeek is capable of performing.

18. On March 25, 2023, Mr. Tawfeek filed an appeal to Lincoln's termination of benefits. With his appeal, Mr. Tawfeek provided updated medical records, the complete claim file from the Social Security Administration that resulted in a finding of disability issued by an Administrative Law Judge, and statements in support of disability by Mr. Tawfeek's treating medical providers, including Dr. Perni, a treating surgeon.

19. Lincoln provided Mr. Tawfeek and his legal counsel with copies of medical record reviews completed by contracted medical consultants. On August 4, 2023, Mr. Tawfeek provided additional evidence in support of his LTD appeal, including a vocational report by an experienced vocational rehabilitation consultant finding that Mr. Tawfeek is not a candidate to return to the competitive labor market based on work restrictions identified by Lincoln's medical reviewers; a medical source statement by Dr. Acharya, a rheumatologist, that concludes Mr. Tawfeek is incapable of sitting, standing, or walking a full 8 hour workday; and a medical source statement by Dr. Campbell, a primary care provider, who restricted Mr. Tawfeek's ability to sit, stand, and walk as required for a full-time occupation.

20. On October 18, 2023, Lincoln issued a letter denying Mr. Tawfeek's LTD appeal. In its denial letter, Lincoln stated that Mr. Tawfeek "must be disabled from any occupation" as of September 18, 2021. Lincoln cited to portions of the medical records found within the claim file and that were received during the appeal process. Lincoln relied upon medical opinions rendered by contracted medical record reviewers who did not examine or speak with Mr. Tawfeek. Despite detailed testing and evaluation by a treating rheumatologist finding that Mr. Tawfeek is impacted by inflammatory polyarthritis, Lincoln concluded that Mr. Tawfeek does not have any restrictions and limitations from inflammatory polyarthritis. Another of Lincoln's reviewers, Dr. Layno-Moses, found that Mr. Tawfeek had significant work restrictions and limitations:

*Sitting: Frequently*
*Standing: Occasionally*
*Walking: Occasionally*
*Lifting: Occasionally, up to 10 lbs. BUE*
*Carrying: Occasionally, up to 10 lbs. BUE*
*Pushing: Occasionally, up to 10 lbs. BUE*
*Pulling: Occasionally, up to 10 lbs. BUE*
*Climbing stairs: Occasionally*
*Balancing: Never*
*Stooping: Occasionally*
*Kneeling: Occasionally*
*Crouching: Occasionally*
*Crawling: Occasionally*
*Reaching: Occasionally all levels BUE*
*Use lower extremities for foot controls: Occasionally BLE*
*Fine manipulation: Occasionally BUE*
*Simple and firm grasping: Occasionally BUE*
*No climbing ladders*
*No operating heavy machinery*
*No working at unprotected heights*

Based on the above recommended work restrictions and limitations, Lincoln claims that Mr. Tawfeek still has the capability to "perform, with reasonable continuity, the material and substantial duties" of alternative occupations of Job Development Specialist and

5

Sales Representative Hotel Services. Later, Lincoln's vocational reviewer admitted that a limitation to occasional fingering would eliminate the occupation of "Job Development Specialist", but Lincoln maintained that Mr. Tawfeek could still work in a single occupation: Sales Representative of Hotel Services. In its review of Mr. Tawfeek's appeal, Lincoln disagreed with multiple opinions of treating medical providers and the detailed Administrative Law Judge decision issued by the Social Security Administration finding disability under a more stringent standard of disability than the one considered by Lincoln's group LTD policy.

21. Despite clear and supportive evidence showing that Mr. Tawfeek's condition did not improve since Lincoln found him disabled from 2019 to October 2022 and that he remains disabled from performing the material and substantial duties of any occupation, Lincoln refuses to pay Mr. Tawfeek's LTD benefits beyond October 2022. Lincoln failed to consider the severity of Mr. Tawfeek's chronic and severe pain that persists despite numerous fusions to his cervical spine with ongoing treatment by multiple specialists. Further, Lincoln failed to properly consider the medical opinions of treating physicians who clearly state that Mr. Tawfeek cannot maintain work activity as required by any full-time occupation due to his combination of impairments. Rather, Lincoln based its decision on contracted record-reviewing physicians and vocational consultants who never examined or spoke with Mr. Tawfeek. Lincoln's denial of disability benefits and appeal denials result in an arbitrary and capricious determination of benefits. Lincoln's reliance on the review by its own employees or contracted reviewers unfairly biased its claims determination leading to a wrongful denial of benefits. As a result of the denial of

benefits, Mr. Tawfeek continues to suffer from serious financial and emotional distress, in addition to his physically disabling conditions.

22. The Plan has failed to properly administer, review, and pay LTD benefits as promised by the Policy.

### III. CLAIM FOR RELIEF

**WRONGFUL TERMINATION OF LONG-TERM DISABILITY BENEFITS**

23. Since October 4, 2022, Mr. Tawfeek remains unable to perform the material and substantial duties with continuity of "any occupation" as it is defined in the group LTD policy.

24. Mr. Tawfeek provided the Defendants with ample medical evidence to verify his disability under the Policy.

25. The Defendants have intentionally and without reasonable justification denied Mr. Tawfeek's LTD benefits in violation of the Policy and ERISA.

WHEREFORE, the Plaintiff, Adam Tawfeek, requests that this Honorable Court enter Judgment:

A. Finding that Plaintiff is entitled to past-due LTD benefits and ordering the Defendants to pay the past-due benefits.

B. Finding that Plaintiff is entitled to continuing LTD benefits and ordering the Defendants to pay future monthly benefits as they become due.

C. Awarding the Plaintiff interest on the amount of back benefits which remain unpaid.

D. Awarding the Plaintiff reasonable reimbursement for attorneys' fees and costs incurred as a result of the Defendants' wrongful denial of benefits.

E. Awarding all other relief as may be just and appropriate.

Respectfully Submitted,

Nick Lavella,
 /s/ Nick Lavella_____

Keller & Keller, LLP
2850 N. Meridian St.
Indianapolis, IN 46208
NLavella@2Keller.com
(317) 926-1111
Fax: (317) 926-1411