UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **ADAM TAWFEEK,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY and SONY CORPORATION OF AMERICA GROUP LONG TERM DISABILITY PLAN,**<br><br>**Defendants.** | **)** | **Case No. 1:24-cv-00081-JPH-TAB** |

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Amended Complaint (the "Complaint") filed by Plaintiff Adam Tawfeek ("Plaintiff"), and states as follows:

## I. JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331, in that this action arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. §1132.

**ANSWER: Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act ("ERISA"). Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.**

2. Adam Tawfeek is a resident of Plainfield, Indiana, and a citizen of the State of Indiana.

**ANSWER: Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.**

3. The Lincoln National Life Insurance Company ("Lincoln") is an insurance corporation with its headquarters and principal place of business located in Pennsylvania. Lincoln is incorporated in Indiana. Lincoln is doing business in Indiana.

**ANSWER: Lincoln admits that it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania and that it is authorized to do business in Indiana. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.**

4. Lincoln issued a group disability insurance policy (the "Policy") to Sony Corporation of America ("Sony"). Sony is the Plan Administrator. In the Policy, Defendants promise to pay disability benefits to employees of Sony if they are unable to work due to sickness or injury.

**ANSWER: Lincoln admits that it issued Group Disability Income Policy Number GF3-860-066939-01 (the "Policy") to Sony Corporation of America ("Sony") and that, at certain times, the Policy insured benefits from the Sony Corporation of America Long-Term Disability Plan (the "LTD Plan") under the terms of the Policy. Lincoln admits that Sony is the Plan Administrator. To the extent that the allegations contained in Paragraph 4 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.**

5. As an employee of Sony, Mr. Tawfeek is insured by the Policy.

**ANSWER: Lincoln admits Plaintiff was, at certain times, employed by Sony, and was, at certain times, a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.**

6. The Policy is delivered in the Southern District of Indiana.

**ANSWER: Lincoln admits the Court has jurisdiction over this action under ERSIA and that venue of this action is proper in this Court. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.**

7. Venue in the Southern District of Indiana is appropriate by virtue of the Policy being delivered in this District and the group long term disability plan being administered in this District.

**ANSWER: Lincoln admits the Court has jurisdiction over this action under ERSIA and that venue of this action is proper in this Court. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.**

## II. FACTUAL ALLEGATIONS

8. Mr. Tawfeek was an employee of Sony since 2012, and served as Retail Sales Supervisor until 2019.

**ANSWER: Lincoln admits Plaintiff was, at certain times starting in 2012, employed by Sony and was, at certain times, a Retail Sales Supervisor for Sony. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.**

9. On March 21, 2019, Mr. Tawfeek was forced to stop working due to degenerative disc disease of the cervical spine (radiculopathy, disc displacement) with history of multiple surgeries of the cervical spine in 2018, degenerative disc disease of the lumbar spine and thoracic spine, and left arm radiculopathy.

**ANSWER: Lincoln admits Plaintiff's last day at work at Sony was March 20, 2019. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.**

10. When Mr. Tawfeek became disabled, he applied for short-term disability benefits provided to employees of Sony and insured by Lincoln. His claim for short-term disability benefits was approved for the maximum duration.

**ANSWER: Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the Short Term Disability Plan sponsored by Sony. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.**

11. Mr. Tawfeek then applied for long-term disability ("LTD") benefits. Despite initially denying his claim for LTD benefit, Lincoln later approved his LTD benefits after an appeal process, and paid LTD benefits starting on September 19, 2019.

**ANSWER: Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.**

12. Lincoln continued to pay Mr. Tawfeek's LTD benefits until September 4, 2020 when Lincoln claimed that Mr. Tawfeek no longer met the following definition of "Disability":

> *"Disability" or "Disabled", means:*
> *Applicable to Class 2:*
> *a. i. if the Covered Person is eligiblefor the 60 Month Own Occupation benefit, "Disability" or "Disabled" means that during the Elimination Period and the next 60 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*

*ii. Thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*
*"Own Occupation" means the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For the purposes of determining Disability under this policy, Liberty will consider the Covered Person's occupation as it is performed in the national economy.*

**ANSWER: Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln admits it sent a letter to Plaintiff dated September 5, 2020, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.**

13. On February 4, 2021, Mr. Tawfeek appealed Lincoln's denial of LTD benefits with additional medical evidence and statements from treating physicians, and Lincoln overturned its previous termination and reinstated payment of his LTD benefits.

**ANSWER: Lincoln admits it received a letter from Plaintiff's counsel dated February 4, 2021, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan, along with additional documentation, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits it sent a letter to Plaintiff's counsel dated April 8, 2021, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.**

14. Lincoln continued to find that Mr. Tawfeek was disabled and approved ongoing payment of LTD benefits after various reviews of updated medical evidence.

**ANSWER: Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.**

15. During the course of his disability claim, Mr. Tawfeek has also been diagnosed with additional conditions that impair his ability to work, including: lumbar spine herniation L2-3 with compression of thecal sac and nerve roots, mild thoracic spondylosis, inflammatory polyarthritis with positive HLA B-27 lab results, right shoulder tear, impingement of right hip, hyperlipidemia, and various symptoms of autoimmune disease (hand arthritis, skin rash, diarrhea, right eye pain with decreased vision).

**ANSWER: Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.**

16. On September 30, 2022, Lincoln issued a letter stating that LTD benefits are not payable beyond October 4, 2022 as Mr. Tawfeek no longer meets the Policy's definition of "Disability".

**ANSWER: Lincoln admits it sent a letter to Plaintiff's counsel dated September 30, 2022, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.**

17. In its September 30, 2022 denial letter, Lincoln again cited to the same definition of "Disabled" as noted in its prior denial letter, though this definition contained a"24 Month Own

Occupation" period. In its denial letter, Lincoln cited to five other occupations that Lincoln claims Mr. Tawfeek is capable of performing.

**ANSWER: Lincoln admits it sent a letter to Plaintiff's counsel dated September 30, 2022, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.**

18. On March 25, 2023, Mr. Tawfeek filed an appeal to Lincoln's termination of benefits. With his appeal, Mr. Tawfeek provided updated medical records, the complete claim file from the Social Security Administration that resulted in a finding of disability issued by an Administrative Law Judge, and statements in support of disability by Mr. Tawfeek's treating medical providers, including Dr. Perni, a treating surgeon.

**ANSWER: Lincoln admits it received a letter from Plaintiff's counsel dated March 25, 2023, appealing the denial of Plaintiff's claim for benefits from the LTD Plan, along with additional documentation, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.**

19. Lincoln provided Mr. Tawfeek and his legal counsel with copies of medical record reviews completed by contracted medical consultants. On August 4, 2023, Mr. Tawfeek provided additional evidence in support of his LTD appeal, including a vocational report by an experienced vocational rehabilitation consultant finding that Mr. Tawfeek is not a candidate to return to the

competitive labor market based on work restrictions identified by Lincoln's medical reviewers; a medical source statement by Dr. Acharya, a rheumatologist, that concludes Mr. Tawfeek is incapable of sitting, standing, or walking a full 8 hour workday; and a medical source statement by Dr. Campbell, a primary care provider, who restricted Mr. Tawfeek's ability to sit, stand, and walk as required for a full-time occupation.

**ANSWER: Lincoln admits it sent a letter to Plaintiff's counsel dated July 17, 2023, and Lincoln refers to the letter itself and its attachments as the best evidence of their contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits it received an appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan, along with additional documentation, which is contained in the administrative record, and Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.**

20. On October 18, 2023, Lincoln issued a letter denying Mr. Tawfeek's LTD appeal. In its denial letter, Lincoln stated that Mr. Tawfeek "must be disabled from any occupation" as of September 18, 2021. Lincoln cited to portions of the medical records found within the claim file and that were received during the appeal process. Lincoln relied upon medical opinions rendered by contracted medical record reviewers who did not examine or speak with Mr. Tawfeek. Despite detailed testing and evaluation by a treating rheumatologist finding that Mr. Tawfeek is impacted by inflammatory polyarthritis, Lincoln concluded that Mr. Tawfeek does not have any restrictions

and limitations from inflammatory polyarthritis. Another of Lincoln's reviewers, Dr. Layno-Moses, found that Mr. Tawfeek had significant work restrictions and limitations:

> *Sitting: Frequently*
> *Standing: Occasionally*
> *Walking: Occasionally*
> *Lifting: Occasionally, up to 10 lbs. BUE*
> *Carrying: Occasionally, up to 10 lbs. BUE*
> *Pushing: Occasionally, up to 10 lbs. BUE*
> *Pulling: Occasionally, up to 10 lbs. BUE*
> *Climbing stairs: Occasionally*
> *Balancing: Never*
> *Stooping: Occasionally*
> *Kneeling: Occasionally*
> *Crouching: Occasionally*
> *Crawling: Occasionally*
> *Reaching: Occasionally all levels BUE*
> *Use lower extremities for foot controls: Occasionally BLE*
> *Fine manipulation: Occasionallv BUE*
> *Simple andfirm grasping: Occasionally B UE*
> *No climbing ladders*
> *No operating heavy machinery*
> *No worliing at unprotected heights*

Based on the above recommended work restrictions and limitations, Lincoln claims that Mr. Tawfeek still has the capability to "perform, with reasonable continuity, the material and substantial duties" of alternative occupations of Job Development Specialist and Sales Representative Hotel Services. Later, Lincoln's vocational reviewer admitted that a limitation to occasional fingering would eliminate the occupation of "Job Development Specialist", but Lincoln maintained that Mr. Tawfeek could still work in a single occupation: Sales Representative of Hotel Services. In its review of Mr. Tawfeek's appeal, Lincoln disagreed with multiple opinions of treating medical providers and the detailed Administrative Law Judge decision issued by the Social Security Administration finding disability under a more stringent standard of disability than the one considered by Lincoln's group LTD policy.

**ANSWER: Lincoln admits it sent a letter to Plaintiff's counsel dated October 18, 2023, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that physician peer reviews and occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.**

21. Despite clear and supportive evidence showing that Mr. Tawfeek's condition did not improve since Lincoln found him disabled from 2019 to October 2022 and that he remains disabled from performing the material and substantial duties of any occupation, Lincoln refuses to pay Mr. Tawfeek's LTD benefits beyond October 2022. Lincoln failed to consider the severity of Mr. Tawfeek's chronic and severe pain that persists despite numerous fusions to his cervical spine with ongoing treatment by multiple specialists. Further, Lincoln failed to properly consider the medical opinions of treating physicians who clearly state that Mr. Tawfeek cannot maintain work activity as required by any fulltime occupation due to his combination of impairments. Rather, Lincoln based its decision on contracted record-reviewing physicians and vocational consultants who never examined or spoke with Mr. Tawfeek. Lincoln's denial of disability benefits and appeal denials result in an arbitrary and capricious determination of benefits. Lincoln's reliance on the review by its own employees or contracted reviewers unfairly biased its claims determination leading to a wrongful denial of benefits. As a result of the denial of benefits, Mr. Tawfeek continues to suffer from serious financial and emotional distress, in addition to his physically disabling conditions.

**ANSWER: Lincoln admits it sent a letter to Plaintiff's counsel dated October 18, 2023, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln further admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 21 of the Complaint.**

22. The Plan has failed to properly administer, review, and pay LTD benefits as promised by the Policy.

**ANSWER: Lincoln denies all allegations contained in Paragraph 22 of the Complaint.**

## III. CLAIM FOR RELIEF

23. Since October 4, 2022, Mr. Tawfeek remains unable to perform the material and substantial duties with continuity of "any occupation" as it is defined in the group LTD policy.

**ANSWER: To the extent that the allegations contained in Paragraph 23 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.**

24. Mr. Tawfeek provided the Defendants with ample medical evidence to verify his disability under the Policy.

**ANSWER: To the extent that the allegations contained in Paragraph 24 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.**

25. The Defendants have intentionally and without reasonable justification denied Mr. Tawfeek's LTD benefits in violation of the Policy and ERISA.

**ANSWER: Lincoln admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 25 of the Complaint.**

WHEREFORE, the Plaintiff, Adam Tawfeek, requests that this Honorable Court enter Judgment:

A. Finding that Plaintiff is entitled to past-due LTD benefits and ordering the Defendants to pay the past-due benefits.

B. Finding that Plaintiff is entitled to continuing LTD benefits and ordering the Defendants to pay future monthly benefits as they become due.

C. Awarding the Plaintiff interest on the amount of back benefits which remain unpaid.

D. Awarding the Plaintiff reasonable reimbursement for attorneys' fees and costs incurred as a result of the Defendants' wrongful denial of benefits.

E. Awarding all other relief as may be just and appropriate.

**ANSWER: Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs A-E thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.**

**Lincoln denies all allegations contained in the Complaint not specifically admitted herein.**

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to terminate Plaintiff's benefits from the LTD Plan under the Policy was arbitrary and capricious because the Policy contains sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 7th day of February 2023.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAKERS, P.C.**

/s/ Iwana Rademaekers
Iwana Rademaekers (Texas State Bar No. 16452560)
*Pro Hac Vice* Motion Pending
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that on the 7th day of March 2023, the foregoing **ANSWER** was filed electronically and that service of same on all counsel of record will be made by the Court's CM/ECF system as follows:

Nick Lavella
KELLER & KELLER, LLP
NLavella@2Keller.com

s/ Iwana Rademaekers